### ILLINOIS CENT. R. CO.
### v.
### PHILLIPS.
### No. 14693.

United States Court of Appeals
Fifth Circuit.

March 19, 1954.

A. B. Freyer, Sam A. Freyer, Shreveport, La., Selim B. Lemle, New Orleans, La., J. H. Wright, John W. Freels, Chicago, Ill., of counsel, for appellant.

Leonard L. Lockard, Shreveport, La., Booth, Lockard & Jack, Shreveport, La., Ramsey & Ramsey, Vicksburg, Miss., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, the suit was for damages suffered by the plaintiff as a result of being thrown from a freight car on which he was working as a switchman.

The claim was that, through the fault of the engineer, the cut of some thirty-nine cars was given an unusually violent, unnecessary, and unexpected jerk in a manner causing plaintiff to be precipitated to the ground and onto the rails and ties.

The defenses were: a denial that anything unusual or untoward occurred, and, specifically, that the defendant was negligent in any particular; and allegations that plaintiff could, and should, have anticipated and expected that, in slowing down, starting, and stopping, the train, there would naturally be a

jerk, and he should have made his hand and foot hold secure, and that his failure to do so was the sole proximate cause or a contributing cause of the accident.

The case was tried to a jury, and, all of the evidence in, defendant's motion for a directed verdict was denied, the cause was sent to the jury on a charge to which no objection was made, no exception taken, and there was a verdict for plaintiff in the sum of $68,000.

Thereafter, the defendant moved for a judgment notwithstanding the verdict, on the ground that there was no evidence to support plaintiff's charge of negligence, in the alternative for a new trial, and in the further alternative for the requirement of a remittitur.

The district judge was of the view, stated in his opinion, D.C., 115 F.Supp. 93, that there was sufficient evidence to take the case to the jury and support its verdict as to liability, but that the verdict was excessive in amount. He, therefore, entered an order denying the motion for judgment *non obstante*,[1] and the required remittitur having been consented to and made, entered judgment for plaintiff for $50,000, and the defendant has appealed.

Here appellant strongly insists: that the evidence, taken most favorably to appellee, points to no act or thing done by the defendant which could be said to be negligent; that appellee's whole case below rests on the speculation or surmise that because plaintiff fell and was injured, some act or thing in its nature negligent must have been done or occurred; and that thus plaintiff's case depends not upon evidence but upon suspicion.

The appellee opposing this view, and vigorously insisting that appellant is trying to retry the case in this court, by marshalling its evidence to the contrary and claiming in effect that it is more credible, more cogent, more worthy of belief than that offered by plaintiff urges upon us that appellant is flying in the face of the settled rule in this court; that in determining whether there is evidence to take a case to the jury, the evidence must be viewed in the light most favorable to plaintiff; and that a verdict in his favor may not be set aside except upon the clearest kind of showing that it is without support in the evidence.

In support of its position that plaintiff's evidence, considered in the light most favorable to him, was sufficient to make out a jury case, appellee thus summarizes his evidence and his argument:

Phillips was on the rear of a train moving off a switch track on to the main line crossing the Red River Bridge from Bossier City, Louisiana to Shreveport. He was riding this rear mainly to throw a switch on the main line so that the main line would be open and safe for following trains. A passenger train from Meridian, Mississippi was due in a few minutes, and at the moment of his being jerked off, he was descending the side of the car to alight near the switch. The train had, meantime, slowed down to one or two miles per hour. In the process of this slowing down, the slack between the cars (variously estimated as running six to ten inches in each car) had mostly bunched; that is, as the engineer slowed down, the following cars had gone forward under their own momentum, each car contacting its preceding car; all of this bunching being achieved except for the cars on the rear end.

At the time of the accident, Phillips had left the top of the car and was on the side of the car with his foot on the second or third rung of the ladder and was in the act of descending, changing his hands and feet alternatively. At that point, he heard the slack running out, incidental to the engine accelerating, and he grabbed so that he would have both hands secured, but did not succeed in saving himself. He was vio-

1. Phillips v. Ill. Central Ry. Co., D.C., 115 F.Supp. 93.

lently jerked loose and fell on the rail below, breaking both arms and both legs and suffering many other injuries.

Further, the jury could have found that the balance of the crew, all on the engine or its tender at the front of the train, where wholly oblivious of the rear end of the train and wholly forgot or ignored Phillips, although custom and rules of the railroad required them to be alert for him. They had to be alert because the rules of the railroad and practical necessities required the switch to be thrown to secure the main line. It could be thrown only by Phillips descending, throwing the switch and then ascending the car again to resume the journey. This maneuver of stopping, descending, throwing the switch and ascending the car by the rear switchman was, by custom, accomplished by a signal liaison between Phillips and the engineer, or the conductor, on the front of the train. Contrary to this custom, no one looked for or was prepared to receive any signal from Phillips. The entire movement, except the slowing down, was done as if no one was on the rear of the train and no switch was to be secured, and as if no train was due on the main line within a few minutes which might suffer hazard from an open switch.

No member of the crew even knew Phillips was injured until an hour or so later. In a word, there was evidence which the jury could believe that, on the part of the members of this crew on the front end of the train, there was inattention to their duties, which inattention was the matrix of this tragedy.

An examination of the record, in the light of the opinion of the trial judge and of the briefs of the parties convinces us that the case presented below and here was a fact case, that is a case of conflicting evidence for the determination of the jury, and that the jury having by its verdict resolved the conflicts in plaintiff's favor and plaintiff having purged the verdict of the excess found in it by the district judge, nothing in the record furnishes basis or warrant for our interfering with the judgment entered on the verdict, and it should be and is hereby

Affirmed.